**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLARENCE D. SCHREANE, | CIVIL ACTION NO. 3:10-CV-1765 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | (MAGISTRATE JUDGE BLEWITT) |
| RONNIE HOLT, ANGELA P. DUNBAR, MR. SAMPLE, and MR. MCDONALD, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation ("R & R") regarding the Motion for Summary Judgment filed by Defendants Angela Dunbar, Michael Sample, and John McDonald. Magistrate Judge Blewitt recommends that the motion be granted and judgment entered in favor of the Defendants. Because Mr. Schreane failed to exhaust administrative remedies and failed to show actual injury, Magistrate Judge Blewitt's R & R will be adopted.

**I. Background**

Clarence Schreane is currently an inmate at the United States Penitentiary ("USP") at Coleman, Florida. Between December 14, 2009 and September 27, 2010, he was incarcerated at USP Canaan. Defs.' Stmt. ¶ 10 (Doc. 46). The Defendants all work at USP Canaan. Angela Dunbar is the Associate Warden, Michael Sample is a Unit Manager, and John McDonald is a Unit Counselor.

According to Mr. Schreane,[1] in May 2010, he filed a grievance against Ms. Dunbar and Mr. Sample. On May 16, 2010, Mr. Schreane was moved to the Special Housing Unit ("SHU"); he remained there until July 18, 2010. Defs.' Stmt. ¶ 4. Mr. Schreane says that after his grievance, Mr. McDonald refused to make copies of his legal documents, telling him that Mr. Sample instructed the unit team not to make any copies for him or provide him with free postage stamps. Mr. Schreane states that he complained to Ms. Dunbar about this, explaining that he was indigent and needed stamps to mail his legal documents, but Ms. Dunbar denied his request. He claims he also showed Mr. McDonald proof that he had an imminent court deadline. On June 4 and June 14, 2010, Mr. Schreane received stamps from other inmates. Because the unit team would not make copies for him or provide him with free stamps until July 5, 2010, Mr. Schreane avers that he suffered injuries to his court cases, including being time barred. Additionally, he claims that the staff's refusal to provide him stamps resulted in his inability to exhaust administrative remedies. Defendants dispute these claims and present as evidence a stamp log showing that Mr. Schreane received ten stamps in June of 2010 and ninety-four stamps in July of 2010. Mr. Schreane claims that this stamp log is a forgery.

---

[1] Mr. Schreane failed to comply with Local Rule 56.1, which requires a party opposing summary judgment to provide "a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required [of the movant]" and including "references to the parts of the record that support the statements." Rule 56.1 further states that where a party fails to file his own statement of facts, his opponent's facts will be deemed admitted. But because pro se filings "must be liberally construed," *Liggon-Redding v. Estate of Robert Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011), I will excuse the violation of Rule 56.1 and consider the facts asserted in Mr. Schreane's brief and his attached exhibits. *See* L.R. 1.3 ("The court may suspend [the local] rules in individual cases.").

Mr. Schreane further claims that the USP Canaan mail room staff opened his legal correspondence outside of his presence, even though the mail was clearly marked, "Legal Mail – Open Only in the Presence of Inmate." Defendants state that the mail did not indicate the specific name of the sender, and thus opening it outside Mr. Schreane's presence did not violate BOP policy. Defs. Ex. A ¶ 7.

Mr. Schreane additionally claims that on May 21, 2010, he requested to use the library, showing Captain Breckon that he had a court deadline. He was not allowed to use the library until a week later, however, and was only allowed to use it four times while he was in the SHU, which did not provide him with sufficient research time. While at the library, he was not given a pen, but instead a "rubber pencil" that made it very difficult to write. He was also not allowed to make photocopies.

Finally, Mr. Schreane claims that Mr. Sample and Mr. McDonald refused to provide him with a memorandum on institutional letterhead verifying that there was a valid reason that his grievances were untimely submitted. He states that Defendants would also purposely delay handing his informal resolution requests so that his filing of a formal grievance would be untimely. Defendants deny these claims and submit evidence that Mr. Schreane filed many grievances during the relevant time period.

Mr. Schreane filed a complaint in the Middle District of Pennsylvania on August 23, 2010, alleging violations of his First and Fourteenth Amendment rights. As a remedy, Mr. Schreane sought $500,000 in compensatory damages against each Defendant and an injunction requiring the Defendants to stop violating his constitutional rights. Mr. Schreane's claims against Defendant Ronnie Holt claims were dismissed and his claims for specific

monetary damages against the Defendants were stricken from the complaint.[2]

On January 28, 2011, the remaining Defendants filed a motion for summary judgment. The motion was fully briefed by all parties. Magistrate Judge Blewitt filed his R & R on August 15, 2011 and Mr. Schreane responded with objections on August 29, 2011.

## II. Standards of Review

**A.    Objections to the Magistrate Judge's Report**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See*

---

[2] Mr. Schreane attempts to argue in his Objections that his specific monetary damages request should not be stricken. Per Local Rule 72.3, Mr. Schreane had fourteen days to object to Magistrate Judge Blewitt's October 1, 2010 R & R recommending that dismissal; he failed to do so. And pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), he had sixty days to appeal the November 2, 2010 order adopting that recommendation; he failed to do this as well. Thus, Mr. Schreane's argument regarding the specific monetary damages is untimely and will not be considered.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**B.     Summary Judgment**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57.

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). The Court need not accept mere conclusory allegations, whether they are made

in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the judge's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the judge must simply "determine whether there is a genuine issue for trial." *Id.*

## II. Discussion

Mr. Schreane asserts five claims. First, he argues that Defendants denied him postage stamps and thus impeded his access to the courts and to the Bureau of Prisons ("BOP") administrative remedy process. He makes a similar second claim about Defendants' denying him photocopies. His third claim is that Defendants denied him access to the legal library. Fourth, he argues that Defendants opened his legal mail outside his presence. Finally, Mr. Schreane's fifth claim states that Defendants purposely obstructed his ability to use the administrative remedy process.

### A. Administrative Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). A prisoner must "properly" exhaust the administrative review process, meaning that he or she "must complete the . . . process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A court may not excuse compliance with the exhaustion requirement based on futility or inadequacy. *Nyhuis v. Reno*, 204 F.3d

65, 73 (3d Cir. 2000). "Failure to exhaust is an affirmative defense to be pleaded by the defendant." *Ray v. Kertes*, 285 F.3d 287, 296 (3d Cir. 2002).

Because Mr. Schreane failed to exhaust administrative remedies, summary judgment will be granted to the Defendants on Mr. Schreane's claims of denial of law library access and photocopies, improper opening of his mail, and interference with the grievance process. Defendants submitted administrative grievance records confirming that Mr. Schreane did not file grievances regarding any of these issues during the relevant time period. Defs.' Ex. A, Attachment 2. Mr. Schreane responds that the Defendants purposely prevented him from exhausting, citing to *Brown v. Croak*, 312 F.3d 109 (3d Cir. 2002). In *Brown*, the Third Circuit determined that where prison authorities thwart a prisoner's efforts to exhaust administrative remedies, those remedies are no longer "available" to a prisoner within the meaning of 42 U.S.C. § 1997(e), so the prisoner has effectively complied with the exhaustion requirement. *Id.* at 113; *accord Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) ("[A]n administrative remedy is not 'available' under the PLRA if 'prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of [the] administrative remedy."). Mr. Schreane's argument is unavailing, however, as the grievance record indicates that he filed twenty-one grievances between May 1, 2010 and July 1, 2010. Even considering Mr. Schreane's evidence in the light most favorable to him, and thus assuming that the Defendants did interfere with his usage of the administrative remedy process, it is clear that the interference was not so severe as to fully prevent Mr. Schreane from filing a grievance. The evidence demonstrates that Mr. Schreane had opportunities to file grievances regarding these claims, and he did not. Therefore, Magistrate Judge Blewitt's

recommendation to grant summary judgment to the Defendant on these claims will be adopted.

## B. Access to Courts

As to Mr. Schreane's remaining claim that Defendants' refusal to provide postage stamps denied him access to the courts, Magistrate Judge Blewitt's recommendation for judgment in favor of the Defendants' will be adopted. Mr. Schreane argues that the Defendants violated *Bounds v. Smith*, in which the Supreme Court recognized that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers." 430 U.S. 817, 828 (1977). But in order to allege a violation of *Bounds*, an inmate must show actual injury–specifically, that the alleged shortcomings in the prison policy "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Actual injury may consist of a dismissed case or a total lack of ability to file a complaint, *id.*, but mere delay or inconvenience is insufficient, *see, e.g.*, *Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982). Here, Mr. Schreane asserts that the Defendants' refusal to provide him with postage stamps caused actual injury in two ways: (1) filings in his pending suits were time barred and (2) administrative appeals were rejected as untimely.

### 1. Civil Litigation

The record demonstrates that Mr. Schreane did not suffer actual injury regarding his civil cases. During the months of May, June, and July of 2010, Mr. Schreane was involved in two cases: a civil case in the Western District of Louisiana and an appeal in the Sixth Circuit. *See* Defs.' Ex. A, Attachment 3. During the time Mr. Schreane claims he was

blocked from mailing filings to the court, he filed several motions in both cases. *See id.* (request for forms filed May 24, 2010; motion to appoint counsel filed June 14, 2010; writ of mandamus, financial affidavit, and motion to appoint counsel filed June 15, 2010). A review of the dockets for those cases indicate that none of Mr. Schreane's filings were time barred. *Id.* In fact, his case in the Western District of Louisiana is still open. *Id.* Thus, Mr. Schreane has failed to satisfy the actual injury requirement and judgment will be granted to the Defendants on this claim.

### 2. Administrative Remedy Process

Mr. Schreane has also failed to demonstrate actual injury regarding the administrative remedy process. Mr. Schreane states that because he was not given postage stamps, he was unable to file his grievance appeals, as these must be sent by mail. *See* 28 C.F.R. § 542.15(b)(3). Although Mr. Schreane does not explicitly connect this to access to the courts, Mr. Schreane claims that several of his administrative appeals were dismissed as untimely. Presumably, then, his argument is that because he could not file timely appeals, he would have failed to properly exhaust as required under the PLRA, *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), and thus he could not bring his federal claims in court. The record does indicate that three of Mr. Schreane's administrative appeals were rejected as untimely. *See* Defs.'s Ex. A, Attachment 2.[3] But there are still several deficiencies in Mr.

---

[3] Defendants argue that these untimely appeals were regarding issues not related to the claims in this case; they instead related to a denial of a printer, the law library not being updated, and a lack of a legal aid education program. But it is unclear why this would be fatal to Mr. Schreane's claim. His complaint does not argue only that he could not exhaust on the five claims asserted in this case; rather, he states that he was generally thwarted from exhausting administrative remedies. Thus, it is appropriate for Mr. Schreane to attempt to prove actual injury with other claims not related to those in this case.

Schreane's claim of actual injury. First, the Third Circuit's determination in *Brown* that a prisoner has exhausted all available remedies where prison authorities obstruct further use of the remedy process, 312 F.3d at113, means that Mr. Schreane would not actually have been barred from bringing the claims from those rejected administrative appeals. If he could show that the prison authorities prevented him from timely filing, then he would be able to proceed based on *Brown*. *See Cole v. Mistick*, No. , 2009 WL 1160962, at *14 (W.D. Pa. Apr. 28, 2009) ("[I]f Plaintiff were dissuaded from filing grievances . . . no First Amendment denial of access to the courts could be established because the Federal Courts excuse exhaustion under such a scenario."). Thus, this is not an actual injury. But further, the record demonstrates that Mr. Schreane was able to file several administrative appeals during the month of June. *See* Defs. Ex. A, Attachment 2. This suggests that he was not prevented entirely from pursuing his administrative remedies, and therefore he fails to show actual injury. On this claim as well, summary judgment will be granted to the Defendants.

## **CONCLUSION**

For the reasons stated above, the Magistrate Judge's R&R will be adopted. An appropriate order follows.

 December 13, 2011                                         /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLARENCE D. SCHREANE, | CIVIL ACTION NO. 3:10-CV-1765 |
| Plaintiff, | |
| | (JUDGE CAPUTO) |
| v. | (MAGISTRATE JUDGE BLEWITT) |
| RONNIE HOLT, ANGELA P. DUNBAR, MR. SAMPLE, and MR. MCDONALD, | |
| Defendants. | |

## ORDER

**NOW**, this  13th  day of December, 2011, after consideration of Magistrate Judge Blewitt's Report and Recommendation recommending that summary judgment be granted to the Defendants, as well as Plaintiff's Objections, **IT IS HEREBY ORDERED THAT:**

(1) The Report and Recommendation (Doc. 9) is **ADOPTED.**

(2) Defendants' Motion for Summary Judgment (Doc. 40) is **GRANTED.** Judgment shall be entered in favor of the Defendants and against the Plaintiff.

(3) The Clerk of Court is directed to mark this case as **CLOSED.**


 /s/ A. Richard Caputo
 A. Richard Caputo
 United States District Judge